UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **LORRAINE SMYTHWICK,** )<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>**VESPA BARNES,** )<br>)<br>Defendant. )<br>) | Civil Action No. 16-12425-PBS |

**MEMORANDUM AND ORDER**

SARIS, C.J.                                                                                                          December 7, 2016

For the reasons stated below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

**I.  Background**

Lorraine Smythwick ("Smythwick") brings this action in which she alleges that her former attorney, Vespa Barnes ("Barnes") failed to properly probate the estate of Smythwick's deceased mother. According to Smythwick, her mother owned two parcels of real estate in the Dorchester neighborhood of Boston, and Barnes should have ensured that ownership of both were transferred to Smythwick after her mother's passing in December 2013. In June 2016, Smythwick became aware that the bank account associated with one of the properties was still in her father in law's name. The plaintiff informed Barnes of the problem, who assured the plaintiff that the matter would be addressed. However, Smythwick has since discovered that the deeds for both properties allegedly were never put in her name. She has concluded that Barnes was trying to steal her property.

Smythwick represents that she and her children have had to leave their house "because of threats of bodily harm." Compl. (ECF No. 1) at 10. She does not identify her cause of action, although she did use a form complaint for conversion of property. She identifies herself and the defendant as citizens of Massachusetts. In terms of relief, she asks that the deed for both parcels of real estate be put in her name only. The plaintiff also filed a separate one-sentence motion for

emergency relief (ECF No. 2), claiming, "My children can't come home and I can't go home, or they will hurt me and my children."

**II.      Discussion**

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). "For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).

Here, the Court cannot discern a basis for the exercise of subject matter jurisdiction over Smythwick's claims. The plaintiff does not identify, neither can the Court discern, a claim arising under federal law. Rather, this action appears to arise under state tort law or state laws concerning the transfer of property. Subject matter jurisdiction under § 1331 therefore does not exist. The plaintiff represents that she and the defendant are both citizens of Massachusetts. For that reason,

this action does not meet the diversity of citizenship requirement of § 1332.

## III. Conclusion

For the aforementioned reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. This dismissal does not preclude the plaintiff from asserting her claims in state court. The motions for leave to proceed *in forma pauperis* and for emergency relief shall be terminated as moot.

**So ordered.**

                                             /s/ Patti B. Saris
                                             United States District Judge